Theodore Velsor, J.
This application for an order pursuant to article 78 of the Civil Practice Act directing the reinstatement of certain students in the Summer school of Locust Valley High School is denied.
The petition alleges that five students, sons of the petitioners, were' suspended in violation of section 3214 of the Education Law. The court finds that section 3214 does not apply to the suspension of students attending a Summer school. Attendance at a Summer school is voluntary. The statute, section 3214, refers to students who are compelled to attend school.
Here the papers reveal that a disciplinary problem arose on August 1 and 2, 1963 calling for action by the respondent principal of the Summer school. Whether or not the respondent in exercising his discretion was too severe in ordering the suspension of the students is a matter which can be determined on appeal to the Superintendent of Schools (Education Law, § 1711, subd. 4) and ultimately to the Commissioner of Education (Education Law, § 310, subd. 7). As stated in Matter of Board of Educ. of City of N. Y. v. Allen (6 N Y 2d 127, 138): “ The Constitution has made the Commissioner of Education the administrative head of the State system of education and he has been given the final authority in passing on the numerous questions bound to arise in the administration of the school system.” That the Commissioner of Education has reviewed appeals involving the suspension of students is shown in Matter of Scheffel (73 N. Y. St. Dept. Rep. 104) and Matter of Yonkes (78 N. Y. St. Dept. Rep. 66).
*247 Since it is clear that no statute was violated by the respondent, this proceeding may not be entertained by the court. See Matter of Realy v. Caine (16 A D 2d 976) wherein it was decided: ‘ ‘ Such a determination necessarily involved an administrative determination— one which could he adequately reviewed by the Commissioner of Education (Education Law, § 310). Therefore, this proceeding under article 78 of the Civil Practice Act does not lie (Civ. Prac. Act, § 1285, subd. 4).”